**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL NO.  3:03CR73**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **SIDNEY N. HOFFMAN** | ) | |
| | ) | |


**THIS MATTER** is before the Court on the Defendant's motion to

defer his restitution payments.  The motion is denied.

The Defendant's restitution payments were ordered in his Judgment

of Conviction in a Criminal Case to be made through the Inmate Financial

Responsibility Program.  The authority and method of collection through

this program as well as a determination of the Defendant's ability to pay

has been delegated to the Bureau of Prisons (BOP) by federal regulations.

**28 C.F.R. §§ 545.10-545.16.**  Defendant, who requests that he not be

required to make any such payments until his release from prison, is

obligated to exhaust all administrative remedies through the BOP before

approaching the appropriate district court.  ***Aja v. Bureau of Prisons***

***Staff***, **202 F.3d 267 (table), 1999 WL 1336093 (6th Cir. 1999);** ***United***

***States v. Rumney***, **86 F.3d 1147 (table), 1996 WL 325485 (1st Cir. 1996);**

***Indelicato v. Suarez***, **207 F.Supp.2d 216 (S.D.N.Y. 2002).**

In addition, it is not unconstitutional to condition the right to work to

an agreement that BOP will garnish a portion of the inmate's earnings for

payment toward fines, assessments and/or restitution. ***James v. Quinlan***,

**866 F.2d 627 (3d Cir. 1989).** Indeed, such payments may be collected

from non-wage funds contained within a prisoner's inmate account.

***Moreno v. Hood***, **10 Fed. Appx. 600 (9th Cir. 2001).**

**IT IS, THEREFORE, ORDERED** that the Defendant's motion is

hereby **DENIED**.

**Signed: January 11, 2006**

Lacy H. Thornburg
United States District Judge