IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL NO.  3:05CV31
(3:03CR73)

| | |
|---|---|
| SIDNEY NOEL HOFFMAN, )<br>)<br>       Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>       Respondent. )<br>_____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's "Motion for Reduction of Sentence pursuant to 18 (sic) U.S.C. § 2255 and 18 U.S.C. 3742 and the United States Supreme Court," filed January 18, 2005.  In the motion, the Petitioner advises that this action is "brought pursuant to 18 U.S.C. § 2255 and supported by 18 U.S.C. 3742;" the Court believes the Petitioner is attempting to file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and hereby construes his motion in that regard.  In any event, the Court requires no response to the Petitioner's motion from the Government.

## I.  STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.  **28 U.S.C. § 2255.**  However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**  The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

On April 30, 2003, the Petitioner was charged with two counts of bank robbery in violation of 18 U.S.C. § 2113(a).  **Bill of Indictment, filed April 30, 2003.**

On September 22, 2003, the Petitioner "in person and through counsel" entered into a plea agreement with the Government wherein he agreed to plead guilty to both counts of the indictment.  **Plea Agreement,**

3

**filed September 22, 2003, at 1.** The plea agreement set forth the minimum and maximum sentences for each count to which the Petitioner was entering a plea. The government and the Petitioner agreed that a recommendation would be made to the Court that Petitioner's base offense level would be 20; that this level would be enhanced by two levels pursuant to U.S.S.G. § 2B3.1(b)(1) and an additional two levels pursuant to U.S.S.G. § 3D1.4(a), for a total adjusted offense level of 24. *Id.*, **at 1-2.** The government agreed to recommend a three-level reduction for acceptance of responsibility and substantial assistance, which would result in a total offense level of 21. *Id*. The Petitioner further agreed that his sentence would be within "the applicable guideline range" pursuant to U.S.S.G. § 5C1.1 and that neither he nor the Government would seek a departure from that range. *Id*.

On September 23, 2003, the Petitioner appeared before the Magistrate Judge for a Rule 11 hearing and entered his guilty plea. **Entry and Acceptance of Guilty Plea (Rule 11 Proceeding), filed September 23, 2003.** After being placed under oath by the Magistrate Judge, the Petitioner made the following representations: that he had reviewed the indictment and the plea agreement with his attorney; that his mind was

4

clear and his purpose was to enter his plea of guilty; that he understood the minimum and maximum punishments for the offenses charged in the indictment; he understood the elements of each offense the Government would be required to prove beyond a reasonable doubt if there had been a trial in the matter; that by pleading guilty, he understood he was waiving his right to a jury trial; that he was pleading guilty because he was in fact guilty of the offenses; that his plea of guilty was "voluntary and not the result of coercion, threats or promises other than those contained in the written plea agreement;" that he was "entirely satisfied with the services of his attorney;" that he had reviewed the Sentencing Guidelines with his attorney and understood how they might apply to his case; and that he had no questions or comments regarding the proceeding and asked the Court to accept his guilty plea.  *Id.*  The Petitioner and his attorney then signed the Rule 11 form attesting that the answers thereon were true and complete to the best of their knowledge.  *Id., at 4.*  The Magistrate Judge found that the Petitioner's plea was knowingly and voluntarily made, that he understood the charges against him, the potential punishment therefor, the consequences of the plea, and the Magistrate Judge then accepted the Petitioner's plea of guilty.  *Id.*

5

Following entry of his plea, the Petitioner engaged in correspondence with Magistrate Judge Carl Horn[1] requesting, among other things, a hearing to reconsider bond; he also advised the Magistrate Judge regarding his frustrations with his appointed attorney, Richard Brown, particularly concerning Brown's failure to advise him of a sentencing date. All the letters from this correspondence exchange were forwarded to the undersigned.  A letter dated March 22, 2004, from the Petitioner to Magistrate Judge Horn contained a request that his court appointed attorney be terminated and that he be allowed to represent himself.  **Letter from Sidney Hoffman, filed March 26, 2004.**  The Court allowed the Petitioner's request; however, the Court also directed Mr. Brown to appear at the upcoming sentencing hearing in the capacity of standby counsel and participate in the sentencing process (and the time leading up thereto) only if requested to do so by the Petitioner.  **Order, filed March 26, 2004, at 2.**

On April 19, 2004, the Petitioner appeared for sentencing before the undersigned.  Mr. Brown was also present at the hearing and, at the

---

[1] Magistrate Judge Horn issued the writ of habeas corpus ad prosequendum to transfer the Petitioner from state custody into federal custody pursuant to the indictment herein.  He was not the same Magistrate Judge that held the Rule 11 proceeding referenced herein.

6

Petitioner's request, participated in the hearing on his behalf. Petitioner was allowed to argue his *pro se* motion for downward departure, which was objected to by the Government. The Court denied the motion for downward departure and sentenced the Petitioner to a term of 63 months. **See Transcript of Sentencing, filed August 9, 2004, at 9-11; Judgment in a Criminal Case, filed May 5, 2004.** The Petitioner filed a timely notice of appeal on April 22, 2004, on the grounds of ineffective assistance of counsel, and requested appointed counsel to prosecute his appeal. Mr. Brown moved and was allowed to withdraw as appointed trial counsel. **Motion to Withdraw, filed May 4, 2004; Order, filed May 7, 2004.** The Fourth Circuit appointed counsel for the Petitioner by Order filed June 2, 2004. On October 21, 2004, the Fourth Circuit dismissed the appeal on the Petitioner's motion. His § 2255 motion is, therefore, timely filed.

7

### III. DISCUSSION

In his present motion, the Petitioner requests that the Court review his sentence, deny the applied enhancements, review his criminal history and find that his offense level should have been 17, criminal history 4, resulting in a Guideline range of 37-46 months. The Petitioner does not allege that his trial counsel was ineffective.

His objection to the two-level enhancement is without merit. The language of the indictment to which he pled guilty alleges the named institutions he robbed are "banks" as defined in 18 U.S.C. § 2113. Thus, by definition, the "financial institution" requirement outlined in U.S.S.G. § 2B3.1(b)(1) has been admitted by the Petitioner. If not admitted, the enhancements are precisely those agreed to in his written plea agreement. **See Plea Agreement, *supra*, at 2.**

To the extent that the Petitioner raises grounds based on anything other than ineffective assistance of counsel or prosecutorial misconduct, he waived his right to raise such issues in a motion pursuant to § 2255 in his plea agreement. Based on the Petitioner's plea agreement, his signature on the Rule 11 Inquiry, the advice he received from the Court at the Rule 11 hearing, and his representations in open court during that

8

hearing, the Court finds Petitioner made a knowing and voluntary waiver of the right to attack his conviction or sentence by a collateral proceeding such as a § 2255 motion.  **See, United States v. Lemaster, 403 F.3d 216, 220-21 (4th Cir. 2005) ("[W]e hold that a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary. . . .  [A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." (internal quotations and citations omitted)); United States v. General, 278 F.3d 389 (4th Cir. 2002); United States v. Brown, 232 F.3d 399 (4th Cir. 2000); United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994); see also, United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (holding that the Government as well as the defendant should receive the benefit of a binding plea agreement).**

Finally, the Petitioner claims he is entitled to relief based on a trio of recent Supreme Court decisions.  In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that other than a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory*

9

*maximum* must be admitted by the defendant or submitted to the jury and proven beyond a reasonable doubt. The *Apprendi* decision does not apply retroactively to cases on collateral review. **San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002).**

In *Blakely v. Washington State,* 542 U.S. 296 (2004), the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions, like the Petitioner's, that were final at the time that case was decided. **United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir.),** *cert. denied,* **126 S. Ct. 312 (2005); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir.),** *cert. denied,* **126 S. Ct. 442 (2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); United States v. Fowler, 133 Fed. Appx. 922 (4th Cir. 2005) ("Neither Booker nor Blakely announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); United States v. Marshall, 117 Fed. Appx. 269 (4th Cir. 2004).**

10

To the extent the Petitioner may have asserted a claim pursuant to *United States v. Booker*, 543 U.S. 220 (2005), that claim is rejected as well. In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts. The Fourth Circuit, as well as every circuit court which has addressed the issue of whether *Booker* may be applied retroactively to cases on collateral review, has held that *Booker* is not retroactive. ***United States v. Morris*, 429 F.3d 65 (4th Cir. 2005) (Although *Booker* is a new rule of constitutional law, it is not a watershed rule and therefore does not apply retroactively to cases on collateral review.);** *Fowler, supra*; ***United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005);** ***United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005);** ***Lloyd v. United States*, 407 F.3d 608 (3d Cir.),** *cert. denied*, **126 S. Ct. 288 (2005);** ***Guzman v. United States*, 404 F.3d 139 (2d Cir.),** *cert. denied*, **126 S. Ct. 731 (2005);** ***Humphress v. United States*, 398 F.3d 855 (6th Cir.),** *cert. denied*, **126 S. Ct. 199 (2005);** ***McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.),** *cert. denied*, **125 S. Ct. 2559 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that**

11

became final before its release on January 12, 2005."); *Green*, *supra*; *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**  A Judgment is filed herewith.

Signed: April 28, 2006

*[signature]*

Lacy H. Thornburg
United States District Judge